1

2

3

4

5

6

7

8

9

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10  ENRIQUE RIVERA,                          )    1:09-CV-01009 OWW GSA HC
                                            )
11           Petitioner,                     )    FINDINGS AND RECOMMENDATION
                                            )    REGARDING PETITION FOR WRIT OF
12  v.                                       )    HABEAS CORPUS
                                            )
13                                           )
    UNITED STATES OF AMERICA,                )
14                                           )
             Respondent.                     )
15  _____ )

16

17        Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ

18  of habeas corpus pursuant to 28 U.S.C. § 2241.

                                    **BACKGROUND[1]**

19

20        Petitioner is currently in custody of the Federal Bureau of Prisons at the United States

21  Penitentiary located in Atwater, California, pursuant to a judgment of the United States District

22  Court for the Central District of California entered on June 21, 1999, for which he is serving a

23  sentence of 262 months. On November 16, 2000, Petitioner was also sentenced in the United States

24  District Court for the Southern District of Indiana to sentences of 293 months and 240 months on

25  two separate counts. The district court ordered those sentences to be served concurrently to the

26  California sentence.

27        Petitioner appealed the Indiana conviction to the Seventh Circuit Court of Appeals. The

28
        _____

        [1]This information was derived from the petition for writ of habeas corpus.

1  Seventh Circuit reversed one count for lack of sufficient evidence and remanded the matter back for

2  resentencing on the second count. On September 10, 2002, Petitioner was resentenced on the second

3  count of money laundering, this time to 120 months to be served consecutive to the California

4  sentence. Petitioner then sought relief in the Seventh Circuit Court of Appeals complaining that he

5  was actually innocent of the money laundering charge in light of United States v. Santos, ___ U.S.

6  ___, 128 S.Ct. 2020 (2008). The Seventh Circuit denied relief.

7       On June 10, 2009, Petitioner filed the instant petition for writ of habeas corpus challenging

8  his Indiana conviction.  Petitioner argues he is actually innocent of the charge of money laundering

9  in light of the Supreme Court decision in Santos.

10                                    **JURISDICTION**

11      A federal prisoner who wishes to challenge the validity or constitutionality of his conviction

12  or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28

13  U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);  Thompson v. Smith, 719

14  F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman,

15  643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the sentencing court has jurisdiction*.

16  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by

17  way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States,

18  929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616

19  F.2d 840, 842 (5th Cir.1980).

20      In contrast, a federal prisoner challenging the manner, location, or conditions of that

21  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown

22  v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th

23  Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of

24  Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.

25  1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835

26  F.2d 185, 186-87 (8th Cir. 1987).

27      In this case, Petitioner is challenging the validity and constitutionality of his sentence rather

28  than an error in the administration of his sentence.  Therefore, the appropriate procedure would be to

U.S. District Court
E. D. California      cd                                2

1  file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.   Petitioner concedes

2  this fact.  Petitioner admits bringing this petition as a § 2241 petition instead of a § 2255, because he

3  has already sought relief by way of § 2255.

4       In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief

5  under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to

6  test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting §

7  2255).  The Ninth Circuit has recognized that this exception is a very narrow one. Ivy v. Pontesso,

8  328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a

9  court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.);  Tripati, 843

10  F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a §

11  2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope,

12  229 F.2d 582 (9th Cir.1956).  In Ivy, the Ninth Circuit held that § 2241 relief is available pursuant to

13  the "escape hatch" in § 2255 if the petitioner claims to be: (1) factually innocent of the crime for

14  which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting

15  this claim." Ivy, 328 F.3d at 1059-60, *citing*,  Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000)

16  (internal citations omitted).  The burden is on the petitioner to show that the remedy is inadequate or

17  ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

18       In this case, § 2241 relief is unavailable to Petitioner because he does not satisfy the savings

19  clause. As Petitioner admits, he has had an opportunity to present his claim to the Seventh Circuit

20  Court of Appeals, but his motion for relief was denied.

21  **RECOMMENDATION**

22       Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas

23  corpus be DISMISSED for lack of jurisdiction.

24       This Findings and Recommendation is submitted to the United States District Court Judge

25  assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

26  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

27  thirty (30) days after being served with a copy of this Findings and Recommendation, any party may

28  file written objections with the Court and serve a copy on all parties.  Such a document should be

U.S. District Court
E. D. California        cd                                3

1   captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

2   Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail)

3   after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to

4   28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified

5   time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

6   (9th Cir. 1991).

7

8           IT IS SO ORDERED.

9       **Dated:    July 27, 2009**              _____/s/ **Gary S. Austin**_____
                                              UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. District Court
E. D. California       cd                                4